UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OSCAR RENE NOGUERA BAEZA,<br><br>Defendant. | Case No. 18-cr-00354-JST-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE SENENCE UNDER 28 U.S.C. § 2255 AND DENYING THE UNITED STATES' MOTION FOR FINDING OF PARTIAL WAIVER OF ATTORNEY CLIENT PRIVILEGE AS MOOT**<br><br>Re: ECF Nos. 76, 78 |

Before the Court are Defendant Oscar Rene Noguera Baeza's motion to vacate his sentence under 28 U.S.C. § 2255, ECF No. 76, and the United States' motion for a finding of a partial waiver of attorney-client privilege, ECF No. 78.

Baeza previously filed a motion to vacate his sentence under Section 2255, ECF No. 61, which the Court denied in May 2022, ECF No. 70.  "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).  Section 2255(h) provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the [the United States Court of Appeals for the Ninth Circuit] to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.  Under Section 2244(b)(3), "[b]efore a second or successive application

United States District Court
Northern District of California

1  permitted by this section is filed in the district court, the applicant shall move in the appropriate
2  court of appeals for an order authorizing the district court to consider the application." *Id.* §
3  2244(b)(3)(A). The Ninth Circuit, reading Sections 2255 and 2244 together, has "held that '[a]
4  second or successive § 2255 petition may not be considered by the district court unless petitioner
5  obtains a certificate [from the Ninth Circuit] authorizing the district court to do so.'" *Washington*,
6  653 F.3d at 1065 (quoting *Alaimalo v. United States*, 645 F.3d 1042, 1054 (9th Cir. 2011)); *accord*
7  *Jones v. United States*, 36 F.4th 974, 980 (9th Cir. 2022).

8      In other words, before the Court can consider the motion to vacate, Baeza must seek and
9  obtain a certificate from a panel of the Ninth Circuit authorizing him to file the motion because it
10 is based on either "(1) newly discovered evidence that[] . . . would be sufficient to establish by
11 clear and convincing evidence that no reasonable factfinder would have found [Baeza] guilty . . . ;
12 or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the
13 Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2). Baeza "has not
14 sought, and [the Ninth Circuit] has not issued, any such certificate . . . [a]ccordingly, [the Court is]
15 without jurisdiction to entertain" his motion. *Washington*, 653 F.3d at 1065.

16     The Court therefore denies Baeza's motion to vacate his sentence without prejudice. *See*
17 *Sanchez-Beltran v. United States*, No. 07-CV-02098-JF(LHK), 2015 WL 4483994, at *3 (N.D.
18 Cal. July 22, 2015) ("As the Court concludes that the instant motion constitutes a successive or
19 second § 2255 petition, and Petitioner has not sought[—]much less obtained—a certificate from
20 the Ninth Circuit authorizing such a petition, the Court lacks jurisdiction over Petitioner's motion
21 and must therefore deny it."). Because the Court denies Baeza's motion, it also denies the United
22 States' motion for a finding that Baeza partially waived the attorney-client privilege in his motion
23 to vacate as moot.

24     **IT IS SO ORDERED.**

25 Dated: August 8, 2023

                                                             JON S. TIGAR
                                                    United States District Judge